**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRUNO NATONIO,**

      **Plaintiff,**

**v.**                              **Case No.  8:12-cv-1609-T-23TBM**

**CAROLYN W. COLVIN, Acting**
**Commissioner of the United States**
**Social Security Administration,**[1]

      **Defendant.**
                                        /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 12), Plaintiff's response (Doc. 13), and Defendant's reply (Doc. 16).  In support of their positions, the parties have filed declarations and portions of the administrative record.[2]  *See* (Doc. 12-1; Doc. 13 at 6-18; Doc. 16-1).  For the reasons set forth below, it is recommended that Defendant's Motion be granted.

---

[1]Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for Michael J. Astrue as the defendant in this lawsuit.

[2]Defendant submits the declarations of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, along with exhibits to each declaration.  (Docs. 12-1, 16-1).  Plaintiff submits documents from the Social Security Administration ("SSA") pertaining to his applications for benefits and the SSA's denial and dismissals of the same.  (Doc. 13, Exs. 1-3).

I.

A.

A procedural overview of this case proves useful.  Plaintiff, proceeding without counsel, applied for disability insurance benefits ("DIB") on November 29, 2007.  (Doc. 13 at Ex. 1).  Plaintiff's insured status expired on December 31, 2007.  His application was denied at the initial level on May 16, 2008.  *Id.*  Plaintiff did not appeal that decision.  *See* (Doc. 13 at 1); *see also* Decl. Herbst (Doc. 12-1, ¶ 4(b)).

Plaintiff, proceeding with counsel, filed another application for DIB on October 30, 2009.  Decl. Herbst (Doc. 12-1, ¶ 4(c)).  Plaintiff submitted various questionnaires, work histories, and treatment and medication forms.  Suppl. Decl. Herbst (Doc. 16, ¶ 3(d)-(k)).  Plaintiff alleged disability beginning in March 2004.  The claim was denied initially and on reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (Doc. 16, Ex. 12 at 4).  A hearing before an ALJ was conducted on November 17, 2010.  Plaintiff appeared and testified on his own behalf.  At the outset, the ALJ addressed Plaintiff's first application for benefits and inquired whether the instant application was barred by *res judicata*.  In response, Plaintiff's counsel moved to reopen the first application and argued *res judicata* should not apply because (1) the first application was "never taken to hearing," and (2) Plaintiff did not understand the necessity of an appeal because he had difficulty with reading and writing the English language.

Pertinent to the issues on appeal, Plaintiff testified as follows.  Plaintiff was fifty-seven years old at the time of the administrative hearing.  He completed high school in Italy and came to the United States when he was sixteen years old.  For the next twenty-four years,

2

Plaintiff owned an underground sprinkler system and landscaping business.  Plaintiff

contracted with his customers in English but the contracts were oral and based on

handshakes.[3]  Plaintiff does not read or write in English.  When asked if he could read the

documents the SSA sent him, Plaintiff testified that "usually my wife read it if I got to read

something.  She's got to read it for me."  Plaintiff did not appeal the denial of his first

application because he was not sent "any paper" regarding an appeal and he did not

understand he had to appeal to keep the case "alive."  (Doc. 16, Ex. 11).

The ALJ dismissed Plaintiff's request for hearing on November 19, 2010.  In

particular, the ALJ explained:

> The record shows that the claimant previously filed an
> application for a period of disability and disability insurance
> benefits and was denied in a determination dated May 16,
> 2008.  This determination, which was issued after the
> claimant's insured status expired on December 31, 2007,
> covered the claimant's issues during the period of time from
> the alleged onset date of disability to the date last insured
> and became administratively final because the claimant did
> not request review within the stated time period.
>
> The undersigned considered whether this determination
> should remain final and finds no reason why is should not.
> In this regard, the deadline for requesting review should not
> be extended under Social Security Ruling 91-5p because at
> the time of the previous determination, the claimant did not
> have or allege having a mental impairment.  Additionally,
> none of the conditions for reopening set forth in 20 CFR
> 404.988 is present in this case.
>
> The question therefore becomes whether the same facts and
> same issues are involved.  The undersigned has compared
> the evidence considered in reaching the previous
> determination with that relating to the claimant's current

_____

[3]Plaintiff testified he closed his business in 2004.  In a work history report, however,
Plaintiff indicated he worked until April 2005.  (Doc. 16, Ex 4)).

3

> claim.  Based on this comparison, the undersigned finds that
> no new and material evidence has been submitted to warrant
> reopening and that there has been no change in statute,
> regulations, ruling or legal precedent concerning the facts
> and issues ruled upon in connection with the previously
> adjudicated period.  Additionally, as already stated, the
> claimant's insured status expired prior to the previous
> determination.  Accordingly, the claimant's rights on the
> same facts and on the same issues are involved and the
> doctrine of *res judicata* applies.  Accordingly, the previous
> determination remains final and binding.

(Doc. 13 at 13-14).  Plaintiff requested review of the ALJ's order of dismissal on March 14,

2011.

The Appeals Council dismissed Plaintiff's request for review on August 21, 2012.

(Doc. 16, Ex. 14).  Specifically, the Appeals Council explained:

> The regulations provide that the Appeals Council may
> dismiss a request for review where the claimant has failed to
> file the request within the stated period of time and the time
> for filing has not been extended (20 CFR 404.971).  The time
> period will be extended if good cause is showing for missing
> the deadline (20 CFR 404.968(b)).
>
> On June 18, 2012, the Appeals Council sent the claimant and
> the claimant's representative a letter indicating that the
> request for review dated March 14, 2011, was filed late.
> This letter requested claimant submit a statement of good
> cause for late filing of the request for review.  On July 16,
> 2012, the Appeals Council received a brief that alleges
> "good grounds have been shown pursuant to 404.911(4), et.
> seq. to clearly support the claimant's good cause for missing
> his deadline to request review."  No additional rationale for
> late filing was provided.
>
> The Appeals Council, therefore, finds that there is good
> cause to extend the time for filing and, accordingly,
> dismisses the claimant's request for review.  The
> reconsideration decision dated May 25, 2010, stands as the
> final decision of the Commissioner.

The Appeals Council advised Plaintiff that if he disagreed with its decision, he had the right to file a civil action asking for court review of its dismissal of his request for review. The Appeals Council also advised Plaintiff that he had 60 days to file a civil action and the 60 days started from the day after receipt of its letter and order. (Doc. 16, Ex. 14).

### B.

On July 20, 2012, even before the Appeals Counsel dismissed the request for review, Plaintiff filed suit in this Court seeking review of the Commissioner's decision "denying plaintiff's application for . . . benefits for lack of disability." Plaintiff asserts he is appealing "a final administrative decision denying plaintiff's claim," and his appeal is timely because it was "commenced within the appropriate time period set forth" in the Appeals Council's decision dated June 18, 2012." In his view, "[t]he conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." Plaintiff contends this Court has jurisdiction to review the Commissioner's decision, pursuant to 42 U.S.C. § 405(g). (Doc. 1).

By her Motion (Doc. 12), the Commissioner argues that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). In particular, Defendant argues that, regardless of any timeliness issues, Plaintiff's claim is not subject to judicial review under 42 U.S.C. § 405(g) because the ALJ dismissed his claim based on *res judicata* and dismissal on that basis is not a final decision of the Commissioner made after a hearing. Defendant also contends that Plaintiff does not raise a colorable constitutional challenge. (Doc. 12).

In response, Plaintiff contends that the ALJ misapplied the doctrine of *res judicata* and, as a result, he was denied due process. Relying on Social Security Ruling ("SSR") 91-5p

and 20 C.F.R. § 404.911, Plaintiff urges he established good cause for missing the deadline to appeal his initial claim in 2007 because he was unrepresented and he presented evidence of a mental incapacity that prevented him from timely requesting review, i.e., he is Italian and was unable to read and understand the documents denying his claim because they were written in English.  As such, Plaintiff urges the Court to deny the Commissioner's Motion.  (Doc. 13).

In reply, Defendant maintains that the Court lacks subject matter jurisdiction.  While she concedes the Court "may have jurisdiction to entertain Plaintiff's complaint to the extent he has raised a colorable constitutional claim," the Commissioner contends that Plaintiff did not raise a colorable constitutional claim in his Complaint.  Further, Defendant notes that Plaintiff offers no evidence to establish he cannot read or understand English beyond his attorney's averment.  To the contrary, Defendant asserts the evidence reveals Plaintiff was literate and able to communicate in English, Plaintiff completed written forms that were in English, and although Plaintiff testified he could not read or write in English he admitted that his wife would read to him the documents received from the SSA.  In light of these circumstances, which were expressly considered by the ALJ, the Defendant argues that Plaintiff has failed to establish a constitutional claim and thus his Complaint should be dismissed for a lack of subject matter jurisdiction.  (Doc. 16).

II.

As indicated, the Commissioner urges the Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(h)(3).[4]  Plaintiff bears the burden of establishing subject matter jurisdiction.[5]  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

To resolve this matter, an overview of the regulatory process in Social Security disability cases is beneficial.  The administrative process begins when an initial determination is made about a claimant's entitlement to benefits.  20 C.F.R. §§ 404.900(a)(1), 404.904.  If the decision is adverse, the claimant may file a request for reconsideration within 60 days from the receipt of the initial determination.  *Id.* at §§ 404.907, 404.909.  If, upon reconsideration, a claimant's request is again denied, he may request a hearing before an ALJ.  *Id.* at §§ 404.930, 404.933.  Such a request must be submitted in writing within 60 days after the claimant receives notice of the previous determination or decision.  *Id.* at § 404.933(b).  If a claimant fails to do so within the 60-day period, he may ask for more time to make his request.  *Id.* at § 404.933(c).  The request for an extension of time must be in writing and it

---

[4]Rule 12(h)(3) requires the court to dismiss an action if it determines at any time that it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A Rule 12(b)(1) motion is one challenging the subject matter jurisdiction of the court.  When considering a factual attack to the subject matter jurisdiction of the court, documents attached to the motion to dismiss may be considered without converting the motion into one for summary judgment if the attached documents are central to the plaintiff's claim and undisputed.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  Here, the documents attached to Defendant's motion, Plaintiff's response, and Defendant's reply are central to Plaintiff's claim, and neither party disputes the authenticity of the documents.

[5]Judicial review of adverse decisions of the Commissioner is authorized only under 42 U.S.C. § 405(g), which states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . ."  Under the regulations, a decision becomes "final" when the claimant has exhausted his remedies by completing the four-step administrative review process.  Generally, where there has been no final decision by the Commissioner after a hearing because the claimant failed to exhaust administrative remedies, a court cannot review the claim.  *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977).

must give the reasons why the request for a hearing was not filed within the stated time period.[6]  *Id.*  If "good cause" for missing the deadline is shown, the time period will be extended.[7]  *Id.*  An ALJ may dismiss a hearing request entirely if the claimant did not request a hearing within the stated time period and the time for doing so has not been extended under § 404.933(c).  *Id.* at § 404.957(c)(3).  Within 60 days after the date that a claimant receives notice of dismissal, he may request that the Appeals Council vacate the ALJ's dismissal of his request for a hearing.  20 C.F.R. § 404.958.  The dismissal of a request for a hearing is binding unless it is vacated by an ALJ or the Appeals Council.  *Id.* at § 404.959.

In addition to the above, the regulations also authorize an ALJ to dismiss a request for hearing and decline to issue a final decision if the doctrine of *res judicata* applies and the Commissioner has made a previous decision about the claimant's rights on the same facts and issues, and that previous decision was final.  20 C.F.R. § 404.957(c)(1).  "If the [Commissioner] finds *res judicata* applicable, that finding is generally unreviewable by the federal courts because it is not a 'final decision of the [Commissioner] made after a hearing' as required by the Social Security Act for federal jurisdiction."  *Holland v. Heckler,* 764 F.2d 1560, 1562 (11th Cir. 1985).  However, an exception to this rule exists if the claimant alleges

---

[6]The regulations do not provide a means for a claimant to request a hearing after the 60-day period has expired.  Thus, a belated request for a hearing is treated as a request for an extension of time to request a hearing.

[7]In determining whether a claimant has shown "good cause" for missing a deadline to request review, the SSA considers, among other things, whether the claimant had a "linguistic limitation[] (including any lack of facility with the English language) which prevented [him] from filing a timely request or from understanding or knowing about the need to file a timely request for review."  20 C.F.R. § 404.911(a)(1), (4).  Good cause *may* exist in such circumstances.  *Id.* at § 404.911(b)(9).

a colorable constitutional claim. *Califano,* 430 U.S. at 99; *Holland,* 764 F.2d at 1562.  A

claimant raises a colorable constitutional claim where he demonstrates that:

    1.    he suffers from a medically-documented mental illness which serves as the basis for his disability claim;

    2.    on his first application he was without the assistance of counsel or other suitable representation; and

    3.    he cannot assert a new claim for benefits because he now lacks insured status.

*Elchediak v. Heckler*, 750 F.2d 892, 895 (11th Cir. 1985).[8]  The claimant bears the burden of

establishing a sufficient basis for a constitutional claim, and merely alleging a constitutional

violation is not enough.  *Campbell v. Astrue*, No. 3:11cv326/RV/EMT, 2012 WL 2848898, at

*6 (N.D. Fla. June 11, 2012) (citations omitted).

### III.

    Upon consideration, I conclude that this Court is without jurisdiction to review

Plaintiff's claim and Defendant's Motion should be granted.  Here, apparently recognizing

that federal courts generally do not have subject matter jurisdiction to review a dismissal

based on a finding of *res judicata*, Plaintiff purports to raise a colorable constitutional claim

so that this Court may review such a dismissal.  Plaintiff's purported constitutional claim is a

---

[8]The SSA subsequently issued SSR 91-5p, the ruling on which Plaintiff relies. Consistent with *Elchediak*, SSR 91-5p provides that a claimant may establish good cause to warrant reopening a previously denied application for benefits by proving that his mental incapacity prevented him from making a timely request for review of an adverse determination, and that he did not have legal representation at the time.  SSR 91-5p, 1991 WL 208067, at *2 (July 1, 1991).  It provides further that four factors should be considered in determining if a claimant has shown good cause to reopen an application due to a lack of mental capacity: (1) inability to read or write; (2) lack of facility with the English language; (3) limited education; and (4) any mental or physical condition which limits the claimant's ability to do things for him or her self.  Additionally, it directs the factors be considered as they existed at the time of the prior administrative action, and that any reasonable doubts be resolved in favor of the claimant. *Id.*

due process violation, the basis of which appears to be the ALJ's alleged misapplication of *res judicata* by finding that:  (1) the prior denial determination in 2008 was final; (2) Plaintiff failed to demonstrate the deadline for requesting review of that determination should not be extended because he did not have or allege a mental impairment or that reopening was warranted; and (3) *res judicata* applied because the same facts and issues are involved in the prior and current claim.  According to Plaintiff, these findings are incorrect because he established "good cause" for not timely appealing the initial denial of his prior claim given his inability to read English and thus understand the SSA's written denial of his prior claim and the need to appeal it if dissatisfied.  And, because he demonstrated good cause, Plaintiff argues that his prior claim should have been reopened and his instant claim not barred by *res judicata*.  Plaintiff's argument fails.  Although Plaintiff was unrepresented on his prior claim in 2007 and he is unable to assert a new claim because his insured status expired before the prior claim was denied in 2008, Plaintiff does not demonstrate or even allege that he suffers from a medically-documented mental illness that served as the basis for his disability claim.  Plaintiff's failure to do so is fatal under both *Elchediak* and SSR 91-5p.  An inability to read English is a vocational factor, not an impairment.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (providing that illiteracy is not a nonexertional impairment); 20 C.F.R. § 404.1564(b)(5) (stating that inability to read English is an educational factor considered in evaluating what work claimant can perform).  Further, although Plaintiff testified that he could not read or write in English, he also testified that his wife would read to him the documents received from the SSA.  That, coupled with Plaintiff's ability to run his own business for twenty-plus years with English speaking customers, militates against his attempt

to establish a constitutional violation.  *See Rosario v. Schweiker*, 550 F. Supp. 118, 120 (E.D. N.Y. 1982) (finding no constitutional issue presented where claimant was unable to read English and failed to respond to a notice because such was readily remediable by obtaining an accurate translation at a local SSA office); *see also Elchediak*, 750 F.2d at 894 ("we do not intimate that every claimant who alleges that a mental problem or disorder prevented them from understanding and pursuing administrative remedies will have raised a constitutional issue").  In light of these circumstances, which were expressly before the ALJ, Plaintiff has failed to establish a constitutional claim.  Thus, because a *res judicata* determination is not appealable and Plaintiff fails to raise a constitutional claim, this Court is without subject matter jurisdiction.[9]

IV.

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that the **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 12) be **GRANTED**.  It is **RECOMMENDED** further that the Plaintiff's Complaint be **DISMISSED**, and the Clerk be directed to close this case.

Respectfully submitted this
8th day of August 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[9]As noted by the Commissioner, there also are timeliness issues which were not addressed by Plaintiff.  Specifically, Plaintiff's request for the Appeals Council to review the ALJ's dismissal was untimely, and he filed his Complaint in this Court prior to the Appeals Council's dismissal.

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by

a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R.

Civ. P. 6.


Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record